438

Commonwealth of Pennsylvania, Department
of Public Welfare, *v.* Moehring,
Appellant.

Argued October 7, 1960; reargued March 22, 1961.
Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN,
BOK and EAGEN, JJ.

reargument refused May 15, 1961.

*Emanuel Goldberg,* for appellant.

*Robert A. Jarvis,* Special Counsel, with him *Jerome H. Gerber,* Deputy Attorney General, and *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, April 17, 1961:

The Department of Welfare of the Commonwealth of Pennsylvania sought and obtained a permanent injunction enjoining the defendant from operating a private nursing home without a license, in violation of the provisions of the Act of June 12, 1931, P. L. 510, as amended by the Act of April 12, 1956, P. L. (1955) 1460, 35 PS §424 et seq. The defendant appeals.

The single issue presented is whether or not the evidence is legally sufficient to sustain the lower court's finding that the defendant was, in fact, operating a nursing home. Admittedly, the defendant did not have a license to operate such an institution. Section 2 of the statute renders it unlawful to operate a private nursing home without a license for persons requiring care, treatment or nursing, by reason of sickness, injury or infirmity. Section 5 of the statute empowers the Department of Welfare to make and enforce rules and regulations for the issuance and renewal of licenses for nursing homes and for the proper maintenance and supervision of such homes. Section 210 of the rules promulgated by the department defines a nursing home to be, "[A]ny establishment, other than a hospital licensed as such, which furnishes food and housing accommodations and any degree of personal care to one or more persons unrelated by blood or marriage to the owner, partner or partners, or directors of the corporation operating the establishment, which persons by reason of sickness, injury or other disability require care, treatment or nursing."

During the period of time involved, the defendant and her family resided in a ranch type house of sub-

stantial value. It was not equipped as a nursing home nor were any nurses or such professional help employed therein. It could properly be considered as a private residence and was so described by an investigator of the department, who testified in the proceedings. Two very elderly persons were housed and boarded by the defendant. The personal physician of one of these individuals testified that he did not require nursing care. However, the lower court concluded that these individuals were actually in need of nursing care and, despite the complete absence of proof that such care was being provided, found that a nursing home was being operated. In this, the court erred.

The burden was upon the Commonwealth to prove a violation of the statute involved. Injunctive relief in such a case should be granted only where the proof meets this burden and further discloses that the continued operation of the home would adversely affect the welfare of the individuals housed therein: *Com. of Pa. Dept. of Welfare v. Garland,* 393 Pa. 45, 142 A. 2d 14 (1958). A careful reading of the record fails to disclose sufficient proof that the defendant was violating the Nursing Home Act.

Decree of the lower court is reversed. Appellant to pay her own costs.